**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **FREDERICK CANADY, 377737,** ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **No. 3:06-CV-1138-G** |
| ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** ) | |
| **Texas  Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| **Respondent.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

On May 30, 1984, Petitioner was found guilty of burglary of a habitation.  *State of Texas*

*v. Fredrick Canady*, No. F84-90908-P (203rd Jud. Dist. Ct., Dallas County, Tex., May 30, 1984).

He was sentenced to fifty years imprisonment.  On March 11, 1985, the Fifth District Court of

Appeals affirmed Petitioner's conviction.  *Canady v. State*, No. 05-84-00595-CR (Tex. App. –

Dallas, 1985, no pet.).

On or about September 15, 2005, Petitioner filed a state petition for writ of habeas

corpus.  (*Ex parte Canady*, No. 64,573-02).  On May 31, 2006, the Court of Criminal Appeals

denied the petition without written order on the findings of the trial court.

On June 24, 2006, Petitioner filed this federal petition.  Petitioner argues that the all

white jury that convicted him was unconstitutionally selected using the "Sparling Manual,"

which Dallas prosecutors used as their guide and policy in jury selection.  He relies on *Miller-El*

*v. Dretke*, 545 U.S. 231 (2005), to assert that his claims could not have been presented prior to

the Supreme Court's decision in *Miller-El*.

**II.  Discussion**

**A.  Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.

*See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  The

one-year period is calculated from the latest of either: (A) the date on which the judgment of

conviction became final; (B) the date on which an impediment to filing an application created by

State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such action; (C) the date on which the Supreme Court

initially recognizes a new constitutional right and makes the right retroactively applicable to

cases on collateral review; or (D) the date on which the facts supporting the claim became

known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. §

2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing his federal petition.  While he bases his petition on a new constitutional right

under subparagraph (C), his claim is meritless.  Contrary to Petitioner's assertion, *Miller-El* did

not create a new rule of constitutional law.  Rather, it applied the rule set out in *Batson v.*

*Kentucky*, 476 U.S. 79 (1986).  As such, Petitioner cannot adequately allege a new constitutional

right under subparagraph (C).

With regard to subparagraph (D), the Court determines that the facts supporting Petitioner's claims became known or could have become known prior to the date that Petitioner's judgment became final. The Court will therefore calculate the one-year statute of limitations under subparagraph (A), from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.

Petitioner's conviction became final on April 11, 1985, thirty days after the court of appeals affirmed his conviction. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Because this date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, to file his federal habeas petition. *See Flanagan v. Johnson*, 154 F.3d 196, 199-200 n.2 and 202 (5th Cir. 1998) (*citing United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings. Petitioner's state habeas proceedings, however, were not filed until after the one-year limitations period expired. They therefore did not toll the limitations period. His petition is therefore untimely.

**B.  Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues his petition is timely because he relies on a new constitutional right announced in *Miller-El*.  As discussed above, however, *Miller-El* did not create a new rule of constitutional law, but instead applied the rule set out in *Batson*, 476 U.S. at 79.  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 11th day of June, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).